```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA           :
                                   :    16 CR 442 (VM)
     - against -                   :    19 Civ. 5674 (VM)
                                   :
EMIL RENSING,                      :    ORDER
                                   :
               Defendant.          :
-----------------------------------X
```
**VICTOR MARRERO, United States District Judge.**

The Court sentenced defendant Emil Rensing ("Rensing") to 51 months' imprisonment followed by 3 years' supervised release. (See No. 16 CR 442, Dkt. Minute Entry dated June 1, 2018.) Rensing is serving his sentence in FCI Otisville.

By letter dated April 9, 2020, Rensing moved for immediate release from detention pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i) ("Section 3582") and 28 C.F.R. Section 571.61. (See "Motion," No. 19 Civ. 5674, Dkt. No. 13.) Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. Section 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction." See Section 3582. However, a court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See id. 28 C.F.R. Section 571.61 sets forth how an inmate must submit a request under Section 3582 to the BOP.

In his Motion, Rensing states that the ongoing COVID-19 pandemic and his various health conditions including asthma, hypertension, and an autoimmune disease present an extraordinary and compelling reason justifying his release. (See generally Motion.) Rensing made a written request to the BOP regarding this matter on April 4, 2020, but he has not yet received a response. (See Motion at 4.)

The Court is constrained to deny Rensing's Motion at this time. Rensing has not fulfilled the statutory exhaustion requirements with respect to the BOP's consideration of his request, and thirty days have not elapsed since he made the request. As the Supreme Court has instructed, "[w]here Congress specifically mandates, exhaustion is required." McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Any argument that it would be futile for Rensing to exhaust his administrative remedies is unavailing, given that the statute contains an express futility provision: the ability to seek judicial relief if the BOP has not acted within thirty days. See Section 3582;

2

see also Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004) ("[C]ourts are required to strictly enforce statutory exhaustion requirements."). Although, as other courts in this District have noted, it is not yet clear under Second Circuit law whether the exhaustion requirement is jurisdictional or simply a statutory requirement, see United States v. Monzon, No. 99 CR 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020), it makes no difference here.

While the Court must deny Rensing's Motion due to the statute's clear exhaustion requirement alone, waiting for BOP consideration of Rensing's request also would not necessarily be futile. The BOP has granted similar requests well within the statute's thirty-day limit and thus mooted substantially identical motions before this Court. See United States v. Arena, No. 18 CR 14, Dkt. No. 355. It is unclear that there will be any undue delay by the BOP, especially when less than one week has elapsed since Rensing made his request. Consequently, the cases cited by Rensing in support of the Motion do not compel a contrary result. The Court must deny Rensing's request.

Accordingly, it is hereby

**ORDERED** that the motion for compassionate release of Emil Rensing (No. 19 Civ. 5674, Dkt. No. 13) is **DENIED** without prejudice to refiling upon compliance with the terms of the statute.

**SO ORDERED.**

Dated: New York, New York
       10 April 2020

                                      Victor Marrero
                                      U.S.D.J.